___

SO ORDERED,

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: December 10, 2018**

The Order of the Court is set forth below. The docket reflects the date entered.
___

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN RE: CHARLES EVANS TRUCKING INC.** | **CASE NO. 18-50885-KMS** |
| DEBTOR | CHAPTER 7 |
| **RAMCO INC.** <br> **d/b/a PINE BELT OIL** | **PLAINTIFF** |
| V. | **ADV. PROC. NO. 18-06031-KMS** |
| **CHARLES GUY EVANS & SONS INC.,** <br> **C&S TRANSPORTATION INC.,** <br> **CHARLES EVANS TRUCKING INC.,** <br> **BIG LEVEL TRUCKING INC., C&S TRUCKING INC.,** <br> **DEPENDABLE ABRASIVES INC., CHARLES G. EVANS SR.,** <br> **CHARLES G. EVANS JR., and STEVEN EVANS** | **DEFENDANTS** |

## OPINION AND ORDER
## REMANDING ADVERSARY PROCEEDING

Before the Court is Plaintiff's Motion for Mandatory Abstention or in the Alternative to Remand (Adv. ECF No. 16)[1] and Defendants' Response in opposition (Adv. ECF No. 22). Decisions on abstention and remand are within the bankruptcy court's core jurisdiction under 28 U.S.C. § 157(b)(2)(A).

___

[1] References to the adversary proceeding docket appear as "Adv. ECF No. ___." References to the dockets in the related bankruptcy cases appear, respectively, as "Pending Case ECF No. ___" and "Closed Case ECF No. ___."

This adversary proceeding was commenced as a state court action ("Lawsuit"), which was removed by Defendants and referred here by the United States District Court for the Southern District of Mississippi. At issue is whether this Court has jurisdiction over the proceedings that constitute the Lawsuit and, if so, whether that jurisdiction should be exercised.

The Lawsuit encompasses proceedings over which the bankruptcy court has jurisdiction and others over which it has no jurisdiction. For the reasons that follow, remand of the entire Lawsuit is proper. The automatic stay is therefore modified to allow the following proceedings to be litigated through entry of a judgment in the state court: the proceeding against Debtor Charles Evans Trucking Inc. and the proceedings against other Defendants to the extent those proceedings implicate property of the bankruptcy estate.

## FACTS

The Lawsuit was filed in June 2016 in the Circuit Court of Lamar County, Mississippi. Compl., Adv. ECF No. 2-2 at 1. The following facts are not in dispute and are taken from the record in the adversary proceeding, which includes the state court record, and from the record in the two related bankruptcy cases.

1. To the extent they separately exist, the six corporate Defendants ("Corporations") are Mississippi residents, as are the three individual Defendants ("Individuals") and Plaintiff ("Ramco"). Compl. ¶¶ 1-3, Adv. ECF No. 2-2 at 1-2; Answer ¶¶ 1-3, Adv. ECF No. 4 at 130.

2. The Individuals are shareholders of at least three of the Corporations: Charles Evans & Sons Inc.,[2] Dependable Abrasives Inc., and Charles Evans Trucking Inc., all "family-owned small businesses." Pet. Interloc. Appeal at 1, Adv. ECF No. 4 at 3491.

---

[2] The parties use "Charles Evans & Sons" interchangeably with "Charles Guy Evans & Sons."

3. Ramco alleges that Defendants owe it a total of $4,588,047.73 for open account purchases of fuel. Compl. ¶¶ 4, 6, Adv. ECF No. 2-2 at 2.

4. The Complaint pleads against the Individuals under an alter ego theory.[3] *Id.* ¶ 9, Adv. ECF No. 2-2 at 3.

5. The Complaint does not plead joint and several liability.

6. Defendant Charles Evans Trucking Inc. ("Evans Trucking") is the debtor in a chapter 7 case that is currently pending, *In re Charles Evans Trucking Inc.*, Chapter 7 Case No. 18-50885-KMS (Bankr. S.D. Miss. filed May 4, 2018) ("Pending Case").

7. Defendant Charles Guy Evans & Sons Inc. was the debtor in another chapter 7 case that has been fully administered and closed, *In re Charles Guy Evans & Sons Inc.*, Ch. 7 Case No. 18-50886 (Bankr. S.D. Miss. closed Oct. 10, 2018) ("Closed Case").

8. Both cases were filed the day after the Lawsuit was scheduled for court-ordered mediation and only a few days before it was to be tried. *See* Adv. ECF No. 4 at 3522; No. 16-2 at 2.

9. Three days after the bankruptcy cases were filed, Defendants filed the notice of removal of the Lawsuit. Adv. ECF No. 16-3. Three months later, the district court entered its order of referral. Adv. ECF No. 13. Approximately six weeks later, Ramco filed the Motion for Mandatory Abstention. Adv. ECF No. 16.

10. Schedules in the Closed Case list no assets and only one creditor, Ramco, shown as having a nonpriority unsecured claim of $710,832.13. Closed Case ECF No. 3 at 2, 7. This amount

---

[3] Although the Complaint limits the alter ego allegation to the Individuals, the Defendants, at least, understand it to also include one or more of the Corporations. *See* Pet. Interloc. Appeal at 1, Adv. ECF No. 4 at 3491 ("piercing the corporate veil, to hold the individual shareholders, as well as Big Level Trucking, liable"); Resp., Adv. Dkt. No. 22 at 3 ("Plaintiff sued the other corporate Defendants[, i.e., C&S Transportation Inc., Big Level Trucking Inc., and C&S Trucking Inc.] and the . . . Individual Defendants under the theory of alter ego, successor liability, and piercing the corporate veil.") Accordingly, "Individuals" in this Opinion and Order should be understood to also include any Corporation sued under a successor liability theory and "non-debtor Corporations" understood as only Corporations sued as directly liable.

3

is what Plaintiff asserts that Charles Evans & Sons Inc. ("Debtor in the Closed Case") owes on its account. Adv. ECF No. 2-2 at 5.

11. No claims were filed in the Closed Case.

12. Schedules in the Pending Case list $623,425.00 in assets of "machinery, equipment, and vehicles," shown as collateral securing a claim of Bank of Wiggins in the amount of $475,211.64. Pending Case ECF No. 3 at 1; No. 14 at 2-4; No. 15; No. 39 at 1 ¶ 3. The only other creditor listed is Ramco, shown as having a nonpriority unsecured claim of $3,516,111.01. Pending Case ECF No. 3 at 9; No. 15. This amount is what Ramco asserts that Evans Trucking owes on its accounts. Adv. ECF No. 2-2 at 1.

13. One proof of claim has been filed in the Pending Case: an unsecured nonpriority claim by Ramco for $3,516,111.01. Pending Case Cl. No. 1-1. Evans Trucking has objected to the claim. Pending Case ECF No. 36.

14. The claims bar date in the Pending Case is January 28, 2019. Pending Case ECF No. 38.

15. Ramco does not consent to bankruptcy court jurisdiction, asserting instead its right to a jury trial in state court. Mot. ¶ 24, Adv. ECF No. 16 at 6.

16. If the Lawsuit were tried in the circuit court, a jury would decide whether Defendants owe a debt to Ramco and, if so, the amount of the debt. Order on Mots., Adv. ECF No. 16-2 at 2. If the jury were to find that a debt is owed and the amount of the debt, only then would the court consider whether a jury or bench trial would be held on the question of which Defendant or Defendants were responsible. *Id.*

**CONCLUSIONS OF LAW**

Bankruptcy courts have jurisdiction over three kinds of proceedings associated with the administration of the bankruptcy estate: proceedings "arising under" the Bankruptcy Code, "arising in" the bankruptcy case, or "related" to the bankruptcy case. 28 U.S.C. § 1334(b).

"Arising under" and "arising in" proceedings are core. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987). These proceedings either arise only in bankruptcy or they involve a right created by bankruptcy law. *Id.* The Code sets out a non-exclusive list of core proceedings. *See* 28 U.S.C. § 157(b)(2)(A)-(P).

"Related" proceedings are non-core. 28 U.S.C. § 157(b)(3). These proceedings do not invoke a substantive bankruptcy right and can exist outside of bankruptcy. *In re Wood*, 825 F.2d at 97. The test for related-to jurisdiction is "whether the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *In re Wood*, 825 F.2d at 93 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). More specifically, the bankruptcy court has related-to jurisdiction over a proceeding if the outcome could (1) alter the debtor's "rights, liabilities, options, or freedom of action" or (2) influence the administration of the estate. *Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 298 (5th Cir. 2007) (citing *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 752 (5th Cir. 1995).

Bankruptcy judges are authorized to enter final orders and judgments only in core proceedings. 28 U.S.C. § 157(b)(1). Bankruptcy judges may hear non-core (related) proceedings, but must submit proposed findings of fact and conclusions of law to the district court unless all parties consent to the bankruptcy court's entry of judgment. 28 U.S.C. § 157(c)(1). If a bankruptcy

court does not have either core or related-to jurisdiction, it has no jurisdiction to hear the proceeding at all.

A single adversary proceeding may contain several discrete "proceedings," each of which must be separately analyzed for jurisdiction. *Davis v. Life Inv'rs Ins. Co. of Am.*, 282 B.R. 186, 193 n.4 (S.D. Miss. 2002) ("[T]he 'core proceeding' analysis is properly applied not to the case as a whole but as to each cause of action within a case."); *Beneficial Nat'l Bank USA v. Best Reception Sys., Inc. (In re Best Reception Sys., Inc.)*, 220 B.R. 932, 955 (Bankr. E.D. Tenn. 1998) (noting that individual adversary proceedings contained core proceedings, related proceedings, and proceedings over which the court had no jurisdiction).

Here, the Lawsuit contains at least the following proceedings and categories of proceedings:

- Ramco v. Evans Trucking
- Ramco v. Individuals (alter ego as to Evans Trucking)
- Ramco v. non-debtor Corporations
- Ramco v. Individuals (alter ego as to Defendants other than Evans Trucking)
- Ramco v. Debtor in the Closed Case

### I. The Bankruptcy Court Has Jurisdiction Only over the Proceeding Against Evans Trucking and the Proceedings Against the Individuals to the Extent Ramco Seeks to Recover Its Claim Against Evans Trucking.

#### *A. The Bankruptcy Court Has Core Jurisdiction over the Proceeding Against Evans Trucking.*

Core proceedings include "allowance or disallowance of claims against the estate." 28 U.S.C. § 157(b)(2)(B). Defendants correctly argue that Ramco's filing of a proof of claim in the Pending Case "trigger[ed] the process of allowance and disallowance of claims." Resp., Adv. ECF No. 22 at 6 (quoting *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990)).

"[W]hether a pre-petition state law claim constitutes either a core or non-core proceeding depends upon (1) whether the creditor filed a proof of claim with the bankruptcy court and (2) the relationship between the state action and proof of claim." *Kurz v. EMAK Worldwide, Inc.*, 464 B.R. 635, 642 (D. Del. 2011). "[W]here a party has filed a proof of claim in a debtor's case, any action asserted by that party against the debtor that raises the same issues as those encompassed by the proof of claim is a core proceeding under the authority of 28 U.S.C.A. § 157(b)(2)(B)." *In re Best Reception Sys., Inc.*, 220 B.R. at 944-45 (collecting cases including *In re Wood*, 825 F.2d at 97-98); *see also In re Exide Techs.*, 544 F.3d 196, 214 (3d Cir. 2008) (citing *In re Wood*, 825 F.2d at 97).

Here, Ramco bases its proof of claim on "goods sold." Pending Case Cl. No. 1-1 at 2. The proof of claim includes attached accounts receivable reports with totals exactly corresponding to what Evans Trucking allegedly owes according to the Lawsuit. *Compare* Pending Case Cl. No. 1-1 at 18, 40 *with* Adv. ECF No. 2-2 at 5. The Lawsuit thus asserts the same right of recovery against Evans Trucking as the right asserted by the proof of claim, transforming Ramco's state law cause of action on open account into a proceeding that could arise only in the context of bankruptcy.

### B. The Bankruptcy Court Has at Least Related-to Jurisdiction over the Proceedings Against the Individuals to the Extent Ramco Seeks to Recover Its Claim Against Evans Trucking.

Ruling on an action removed from a Texas court, the Fifth Circuit Court of Appeals has held that a claim brought against non-debtors under an alter-ego theory was within the bankruptcy court's core jurisdiction. *Cadle Co. v. Moore (In re Moore)*, 739 F.3d 724, 729 (5th Cir. 2014); *but see, e.g., Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1236, 1239 (3d Cir. 1994) (holding that complaint filed by debtor corporation to pierce own veil was non-core and observing that "actions by a creditor to pierce the corporate veil, or alter ego actions against the debtor

corporation, are often considered non-core, 'related-to' proceedings"); *see also Hudgins v. Shah (In re Sys. Eng'g & Energy Mgmt. Assocs.)*, 252 B.R. 635, 649, 649 n.17 (Bankr. E.D. Va. 2000) (recognizing that "[c]ourts considering whether 'veil-piercing' or 'alter ego' claims are subject to the core jurisdiction of the bankruptcy court are split on the issue" and collecting cases).

This Court finds it unnecessary to decide whether core jurisdiction exists over the alter ego proceedings here; it is enough that the proceedings against the Individuals to recover Ramco's claim against Evans Trucking are within at least the bankruptcy court's non-core (related-to) jurisdiction. *See Brown v. Beamers Private Club*, No. 3:16-cv-402-N-BN, 2016 WL 3346085 (N.D. Tex. June 16, 2016) (accepting magistrate court's conclusions including that court was required to decide only whether alter ego proceeding was at least related to bankruptcy case). Here, because recovery from the Individuals could alter Evans Trucking's liabilities and influence the administration of the estate, related-to jurisdiction exists. *See Randall & Blake, Inc. v. Evans (In re Canion)*, 196 F.3d 579, 586 (5th Cir. 1999) (finding related-to jurisdiction by assuming scenario in which creditor recovered amount of claim from third parties, conceivable effect being that all other unsecured creditors would receive increased share of bankruptcy estate).

## II. The Bankruptcy Court Has No Jurisdiction over the Proceedings Against the Non-debtor Corporations, the Individuals as to Debts of Any Defendant Except Evans Trucking, or Debtor in the Closed Case.

None of the proceedings against the non-debtor Corporations, the Individuals as to debts of any Defendant except Evans Trucking, or Debtor in the Closed Case either arise only in bankruptcy or involve a right created by bankruptcy law. These proceedings are therefore not core. Accordingly, if the bankruptcy court has any jurisdiction at all, it must be related-to jurisdiction.

### *A. There Is No Jurisdiction over the Proceedings Against the Non-debtor Corporations or the Individuals as to Debts of Any Defendant Except Evans Trucking.*

The Complaint does not plead joint and several liability. Consequently, even if Ramco were to recover from any of the other corporate entities besides Evans Trucking or any of the Individuals as to those entities' debts, that recovery would not affect the amount of Evans Trucking's liability. "If a creditor's recovery from a non-debtor definitely will not affect the amount of its payment from a bankruptcy estate, the third-party action is not 'related to' the bankruptcy proceeding." *Nuveen Mun. Tr. v. Withumsmith Brown, P.C.*, 692 F.3d 283, 297 (3d Cir. 2012) (citing *In re Canion*, 196 F.3d at 586 n.27). The bankruptcy court therefore has no jurisdiction over the proceedings against the non-debtor Corporations or the Individuals as to debts of any Defendant except Evans Trucking.

### *B. There Is No Jurisdiction over the Proceeding Against Debtor in the Closed Case.*

Further, the Closed Case offers no separate basis for jurisdiction over the proceeding against that Debtor, because bankruptcy's "jurisdictional mission" in that case has been fulfilled. *See Dubose v. Merchants & Farmers Bank*, 318 F. Supp. 2d 419, 423, 426 (S.D. Miss. 2003) (holding that cases discharged or closed after lawsuit was removed did not support bankruptcy court jurisdiction). "Bankruptcy jurisdiction 'is designed to provide a single forum for dealing with all claims to the bankrupt's assets.'" *Id.* at 426 (quoting *In re Import & Mini Car Parts Ltd.*, 200 B.R. 857, 861 (Bankr. N.D. Ind. 1996)). Accordingly, as to the Closed Case, jurisdiction under § 1334(b) has ended.

### III. All Proceedings in the Lawsuit Are Remanded.

#### *A. As to the Proceedings over Which the Bankruptcy Court Has No Jurisdiction, Remand Is Required.*

When the bankruptcy court has no jurisdiction over a removed action, abstention is not the question. *See S.G. Phillips Constructors, Inc. v. City of Burlington (In re S.G. Phillips Constructors, Inc.)*, 45 F.3d 702, 708 (2d Cir. 1995) ("The act of abstaining presumes that proper jurisdiction otherwise exists."). If the bankruptcy court does not have at least related-to jurisdiction, then removal based on the claim's relatedness to a bankruptcy case is not proper. *See* 28 U.S.C. § 1452(a) (conditioning removal on bankruptcy jurisdiction under § 1334). "If the court determines that it does not have jurisdiction over the cause of action under section 1334, a retroactive determination must be made that the cause of action was not subject to removal under section 1452(a). The action then is 'remanded' to its original court." *St. Vincent's Hosp. v. Norrell (In re Norrell)*, 198 B.R. 987, 993 (Bankr. N.D. Ala. 1996). There being no bankruptcy jurisdiction over the proceedings against the non-debtor Corporations, the Individuals as to Debts Owed by Defendants other than Evans Trucking, and Debtor in the Closed Case, removal under § 1452(a) was not proper, and those proceedings are therefore remanded to the state court.

#### *B. As to the Proceedings over Which the Bankruptcy Court Has Jurisdiction, Abstention and Remand Are Proper.*

The exercise of bankruptcy court jurisdiction is governed by the doctrines of mandatory and discretionary/permissive abstention and equitable remand, 28 U.S.C. §§ 1334(c)(2), 1334(c)(1), 1452(b). Abstention under § 1334(c) and remand "on any equitable ground" under § 1452(b) are akin; both statutes "favor[] comity and the resolution of state law questions by state courts." *Lee v. Miller*, 263 B.R. 757, 763 (S.D. Miss. 2001). The circumstances that favor abstention likewise favor remand. *Id.* A decision to abstain and a decision to remand produce the

10

same result: return of the action to its original court. *In re Norrell*, 198 B.R. at 993, 997 n.11. As to the proceedings against the Individuals to recover Ramco's claim against Evans Trucking and the proceeding against Evans Trucking, abstention under § 1334(c) is proper.

*1. If the Proceedings Against the Individuals to Recover Ramco's Claim Against Evans Trucking Are Non-Core, Mandatory Abstention Applies, and if the Proceedings Are Core, Discretionary Abstention Is Proper.*

"Section 1334(c) expresses a strong congressional desire that in respect to non-core proceedings the federal courts should not rush to usurp the traditional precincts of the state courts." *Lee,* 263 B.R. at 763 (quoting *Cook v. Griffin*, 102 B.R. 875, 877 (N.D. Ga. 1989)). Accordingly, upon a party's timely motion, the bankruptcy court must abstain from hearing a state law claim when the following four conditions exist: (1) The only basis for federal jurisdiction is the bankruptcy jurisdiction conferred by 28 U.S.C. § 1334(b); (2) the bankruptcy court has related-to jurisdiction, not core jurisdiction, over the claim; (3) a lawsuit has been commenced in state court; and (4) the lawsuit could be timely adjudicated in state court. *Schuster v. Mims (In re Rupp & Bowman Co.)*, 109 F.3d 237, 239 (5th Cir. 1997) (interpreting 28 U.S.C. § 1334(c)(2)).

As the party seeking mandatory abstention, Ramco bears the burden of proving each element of the test. *See Brown v. Shepherd (In re Lorax Corp.)*, 295 B.R. 83, 90 (Bankr. N.D. Tex. 2003). As to the proceedings against the Individuals to recover Ramco's claim against Evans Trucking, if those proceedings are non-core, Ramco has carried its burden.

There is no dispute that the Motion for Mandatory Abstention was timely and no dispute that the Lawsuit alleges only state-law claims. *See* 28 U.S.C. § 1334(c)(2) ("Upon timely motion of a party in a proceeding based upon a State law claim . . . . "); *see also Watson v. City of Allen, Tex.*, 821 F.3d 634, 639-640 (5th Cir. 2016) (holding that 30-day filing deadline does not apply to motions for abstention-based remand, which must be brought within reasonable time after filing

of notice of removal). As to the four-element test, if the alter ego proceedings are non-core, no further analysis is required to conclude that two of the remaining three conditions are met: bankruptcy is the only basis for federal jurisdiction and a lawsuit has been commenced in state court.

As to the fourth element, that the proceedings could be timely adjudicated in state court, courts have considered the following factors:

(1) the backlog of the state court's calendar relative to the federal court's calendar;

(2) the complexity of issues presented and the respective expertise of each forum;

(3) the status of the . . . bankruptcy proceeding to which the state law claims are related; and

(4) whether the state court proceeding would prolong the administration or liquidation of the estate.

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 580 (2d Cir. 2011); *see also In re Lorax Corp.*, 295 B.R. at 93.

As to the first factor, the Court has no information about the state court's calendar but can state unequivocally that its own case load is heavy and will increase with the imminent loss of one of the district's three judgeships. As to the second factor, although the issues are not complex, the state court is nevertheless the preferred forum for state law questions in which the bankruptcy court's specialized expertise is not needed. The third factor goes to the "nature" of the related bankruptcy case: "In a [c]hapter 7 proceeding . . . [t]here is no administrative urgency or plan of reorganization to facilitate . . . [and] timely adjudication can be weighed relatively lightly." *Silverman v. Gen. Ry. Signal Co. (In re Leco Enters., Inc.)*, 144 B.R. 244, 251 (S.D.N.Y. 1992); *see also Parmalat*, 639 F.3d at 581 ("[W]hat might be timely in the [c]hapter 7 context is not necessarily timely in [c]hapter 11 cases where time is of the essence."). Here, Evans Trucking filed

12

under chapter 7. Further, Ramco is the only unsecured creditor, meaning there is no issue of delaying distributions to other claimants—at least as of now. The time for filing proofs of claims has not yet run, so other creditors could theoretically materialize. But that prospect seems unlikely.

Ramco's argument that the proceedings could be timely adjudicated in state court goes to the fourth factor, whether the state court proceeding would prolong the liquidation of the estate. Here, the bankruptcy cases having been filed practically on the eve of trial, Ramco invokes the date on which the Lawsuit would have been tried. The implication is that discovery has been concluded and all pre-trial motions have been decided so that nothing stands in the way of a new trial setting upon remand. *See In re Leco Enters., Inc.*, 144 B.R. at 251 ("Other factors to be considered in this inquiry include whether discovery is progressing, whether motions are being decided and whether the state court proceeding is 'actively proceeding towards a trial.'"). By contrast, this Court "would basically be forced to start trial preparation from scratch." *In re Norrell*, 198 B.R. at 996. Ramco's argument is well taken.

Even if mandatory abstention does not apply, permissive abstention would be appropriate in light of at least these additional considerations: (1) These proceedings involve only non-debtors; (2) alter ego claims are triable of right to a jury, *Walter v. Freeway Foods, Inc., (In re Freeway Foods of Greensboro, Inc.)*, 449 B.R. 860, 885-86 (Bankr. M.D.N.C. 2011); and (3) the timing of the filing of the bankruptcy cases suggests forum shopping. *See* discussion *infra* Section III.B.2.

### 2. Discretionary Abstention Is Appropriate in the Proceeding Against Evans Trucking.

Congress intended "that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case." *In re Wood*, 825 F.2d at 93. The bankruptcy court may permissively abstain whether its jurisdiction is related-to or core and may do so on its

13

own motion. *See* 28 U.S.C. § 1334(c)(1) ("[N]othing in this section prevents a [bankruptcy] court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."); *see also Chickaway v. Bank One Dayton, N.A.*, 261 B.R. 646, 651 (S.D. Miss. 2001).

> Courts considering discretionary abstention weigh the following factors:
>
> (1) the effect or lack thereof on the efficient administration of the estate if the court recommends [remand or] abstention;
>
> (2) the extent to which state law issues predominate over bankruptcy issues;
>
> (3) difficult or unsettled nature of applicable law;
>
> (4) presence of related proceeding commenced in state court or other non-bankruptcy proceeding;
>
> (5) jurisdictional basis, if any, other than § 1334;
>
> (6) degree of relatedness or remoteness of proceeding to main bankruptcy case;
>
> (7) the substance rather than the form of an asserted core proceeding;
>
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
>
> (9) the burden of the bankruptcy court's docket;
>
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
>
> (11) the existence of a right to a jury trial;
>
> (12) the presence in the proceeding of nondebtor parties;
>
> (13) comity; and
>
> (14) the possibility of prejudice to other parties in the action.

*Dubose*, 318 F. Supp. 2d at 427.

This test is not "merely a mathematical exercise." *DHP Holdings II Corp. v. Peter Skop Indus. (In re DHP Holdings II Corp.)*, 435 B.R. 220, 224 (Bankr. D. Del. 2010); *Houston Baseball Partners LLC v. Comcast Corp. (In re Houston Reg'l Sports Network, L.P.)*, 514 B.R. 211, 217 (Bankr. S.D. Tex. 2014) ("More important than the numerical count of factors weighing for and against abstention, the Court must determine which arguments are of greater importance and persuasion."). Courts focus especially on how abstention would affect the administration of the estate (Factor 1), whether the claim involves only state law issues (Factor 2), and whether the proceeding is core or non-core (Factors 6 and 7). *In re DHP Holdings*, 435 B.R. at 224.

Here, the question essentially is whether the most significant consideration favoring retention of this proceeding—core jurisdiction—outweighs the number and significance of factors favoring abstention. Only two factors besides core jurisdiction weigh in favor of retention: Factor 3 – The applicable state law is not difficult or unsettled; and Factor 12 –Evans Trucking is the only defendant in this proceeding. One factor is neutral: Factor 14 – No party has raised the issue of prejudice. One factor is inapplicable: Factor 8 – Because the proceeding against Evans Trucking is entirely core, there are no non-core claims that could be severed.

Abstention is appropriate in the proceeding against Evans Trucking under the following factors:

1 – Abstention's effect on the efficient administration of the estate: Ramco being the only unsecured creditor, at least at this juncture, abstention would have no effect on the administration of the estate.

2 – Extent to which state law issues predominate over bankruptcy issues: The proceeding is based entirely on state law.

4 – Presence of related proceeding in state court: Upon remand, all the other proceedings in the Lawsuit will be pending in the circuit court. *See Dubose*, 318 F. Supp. 2d at 428 (stating that "preference for having an entire dispute resolved in one court" is ground for remand under § 1452(b)).

5 – Jurisdictional basis other than bankruptcy: There is no jurisdictional basis other than the Pending Case.

9 – Burden on bankruptcy court's docket: Retention would increase the burden on this Court's already overburdened docket. *See* discussion *supra* Section III.B.1.

10 – Likelihood of forum shopping: The filing of the bankruptcy cases mere days before trial and Defendants' notice of removal three days later strongly suggests forum shopping, as does the fact that Debtor in the Closed Case listed no assets and Ramco as its only creditor. *See Kelley v. Cypress Fin. Trading Co. (In re Cypress Fin. Trading Co.)*, 620 F. App'x 287, 287-88 (5th Cir. 2015) (holding that when debtor had no assets, no viable claims or causes of action, and no other money-making prospects, corporate chapter 7 bankruptcy could not serve even its one purpose of allowing breathing space to marshal assets for orderly distribution).

11 – Existence of right to a jury trial: By filing a proof of claim, Ramco subjected itself to the equitable power of the bankruptcy court, thereby waiving the right to a jury trial on its claim against Evans Trucking. *See Langenkamp*, 498 U.S. at 44-45. Notwithstanding, Ramco has stated that it wants a jury trial in state court, Adv. ECF No. 16 at 6, which it will receive in the other proceedings on at least the question of whether a debt is owed, Adv. ECF No. 16-2 at 2. Remand of this proceeding would allow the claim against Evans Trucking to be tried to a jury along with the claims against the other Defendants. *Cf. supra* Factor No. 4 (favoring resolution of all claims in one court).

13 – Comity: The circuit court has spent more than two years managing the Lawsuit, including the claim against Evans Trucking, to the point of trial. "Given all of the time and effort already expended by the State Court, factor thirteen, the interest of comity, supports discretionary remand." *Lennar Corp. v. Briarwood Capital LLC.*, 430 B.R. 253, 268 (Bankr. S.D. Fla. 2010); *see also Lone Star Indus. v. Liberty Mut. Ins.*, 131 B.R. 269, 274 (D. Del. 1991) ("As a matter of comity, remand would display a proper respect for a state court's role in deciding a purely state law case, and in particular, [the state court judge's] prior investment of time and efforts . . . .).

Of the factors favoring abstention, these are the most important: the lack of effect on the administration of the estate, the basis of the dispute in state law, the likelihood of forum shopping, and the preference for the entire dispute to be resolved in one court. Together, these factors outweigh core jurisdiction.

## IV. The Automatic Stay Is Modified.

The court may modify the automatic stay "for cause." 11 U.S.C. § 362(d)(1); *see also Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.)*, 440 F.3d 238, 253 (5th Cir. 2006) (noting that bankruptcy courts have flexibility in determining whether cause exists to modify stay).

Modification of the automatic stay ordinarily occurs "[o]n request of a party in interest and after notice and a hearing," 11 U.S.C. § 362(d). The court may act sua sponte, however, when circumstances demand it. *In re Best Reception Sys., Inc.*, 220 B.R. at 958 n.43. Such circumstances may include remand. *See id.* ("[I]t is necessary to modify the automatic stay to enable the litigation to proceed in state court.").

Here, there is no question the automatic stay applies to the proceeding against Evans Trucking. *See* 11 U.S.C. § 362(a)(1). For that proceeding to be litigated in state court, the stay must be modified.

17

The stay may also apply to Ramco's claims against the Individuals to recover the debt allegedly owed by Evans Trucking. If those claims are property of the bankruptcy estate, the stay applies. *See* 11 U.S.C. § 362(a)(3).

State law determines whether or not claims brought by a creditor against non-debtors under an alter ego theory are property of a corporate debtor's estate. *Schimmelpenninck v. Byrne (In re Schimmelpenninck)*, 183 F.3d 347, 356 (5th Cir. 1999) ("In making this decision, we must apply Texas law . . . ."). If under state law the cause of action based on alter ego belongs to the corporate debtor, the cause of action is property of the estate and the automatic stay applies. *See S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc. (In re S.I. Acquisition, Inc.)*, 817 F.2d 1142, 1153 (5th Cir. 1987).[4] A cause of action under an alter ego theory belongs to the corporate debtor if state law allows a corporation to assert an action based on alter ego against itself. *Id.* at 1152.

This Court has not found any Mississippi law addressing whether a corporation can sue itself under an alter ego theory. Neither has it found any federal case deciding whether an action under Mississippi alter ego law is property of the bankruptcy estate.

But it is not necessary to decide either of those questions here, because even if the claims are property of the estate, abstention and remand would still be proper. *See N.J. Dep't of Envtl. Prot. v. Occidental Chem. Corp. (In re Maxus Energy Corp.)*, 560 B.R. 111, 114 (Bankr. D. Del. 2016). And if these claims are property of the bankruptcy estate so that stay relief is a precondition to litigating them in state court, stay relief is granted.

Accordingly, the stay under 11 U.S.C. § 362(a)(1) and (a)(3) is modified as necessary to permit the following proceedings to be litigated to final judgment in the state court:

---

[4] Because it held that the action belonged to the corporate debtor, the court did not address the alternative ground on which the automatic stay would apply under § 362(a)(3): that the action based on alter ego sought to recover or control property of the debtor. *Id.* at 1151-52. This Court refrains as well from addressing that alternative ground.

- against Evans Trucking
- against the Individuals to recover Ramco's claim against Evans Trucking.

No judgment in these proceedings may be enforced, however, pending this Court's ruling on Evans Trucking's objection to proof of claim. *See In re Norrell*, 198 B.R. at 994 n.5 ("The allowance or disallowance of the claim in this Court should be considered only after the state court has decided all liability and damage issues.").

## ORDER

All proceedings in the Lawsuit assert claims over which the bankruptcy court has either no jurisdiction or jurisdiction that it may not or discretionarily will not exercise.

The Motion for Mandatory Abstention or in the Alternative to Remand is therefore **ORDERED GRANTED**; and

**FURTHER ORDERED** that the automatic stay is **MODIFIED** to allow the proceedings against Evans Trucking and against the Individuals to recover Ramco's claim against Evans Trucking to proceed in the Circuit Court of Lamar County through entry of a final judgment. This Court retains jurisdiction over enforcement of any judgment obtained.

## *END OF ORDER* ##